United States District Court
Southern District of Texas
**ENTERED**
March 12, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERIC TICE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-2389** |
| | § | |
| **HOLLAND ACQUISITIONS, INC,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court[1] is Plaintiff's Request for Entry of Default (Dkt. No. 14). Defendant neither filed a responsive pleading nor otherwise appeared in the case. Having considered the request and the applicable law, the Court **RECOMMENDS** that the request for entry of default be **GRANTED**.

## I.      BACKGROUND

Plaintiff Eric Tice ("Tice") filed this action alleging that Defendant Holland Acquisitions, Inc. ("Holland") violated the Fair Labor Standards Act by failing to pay him overtime.[2] Holland was served through its registered agent on July 10, 2020.[3] Holland never filed an answer or other responsive pleading. Tice filed a notice of intent to file default judgment on September 29, 2020 and an amended notice of intent to file default judgment on October 14, 2020.[4] Holland did not

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. (*See* Dkt. No. 13.)

[2] Dkt. No. 1 at 1.

[3] Dkt. No. 7.

[4] Dkt. Nos. 11-12.

appear at an initial conference held on October 21, 2020 before Judge Charles Eskridge.[5] Tice advised the Court that he intended to move for entry of default and default judgment.[6] Tice filed the instant request on November 6, 2020.[7]

## II.    LEGAL STANDARD

Rule 55(a) allows for the entry of default as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After the entry of default, a plaintiff may request judgment based on the default. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Rule 55(b)(2) addresses default judgment entered by a court, stating that a plaintiff must apply for a default judgment. The Court may hold an evidentiary hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2).

A defendant targeted for default must have been served in order to be held accountable for not answering. *Cf. Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) (addressing whether an out-of-state defendant was properly served). Absent proper service of process, the Court lacks jurisdiction over the defendant. *Id.* A default judgment granted under such conditions is void. *Id.*

A corporation in the United States can be served either:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by

---

[5] Min. Entry dated Oct. 21, 2020.
[6] *Id.*
[7] Dkt. No. 14.

also mailing a copy of each to the defendant.

Fed R. Civ. P. 4(h)(1). Rule 4(e)(1) allows for service to be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Texas law, a corporation may be served through the corporation's registered agent, president, or vice president. *See* Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.255(1); *see Henderson v. Republic of Texas*, 672 F. App'x 383, 385 (5th Cir. 2016). Further, service of process may be achieved by personal delivery or by registered or certified mail with return receipt requested. Tex. R. Civ. P. 106.

## III.   ANALYSIS

Defendant was successfully served through its registered agent on July 10, 2020.[8] Because Defendant still has not answered Plaintiff's complaint more than ninety days after effective service or made any appearance in the case, the entry of default is warranted.

## IV.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the request for entry of default be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk

---

[8] Dkt. No. 7 at 2.

electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

      **SIGNED** in Houston, Texas on March 12, 2021.

Sam S. Sheldon
United States Magistrate Judge